IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In the Matter of<br><br>TAYLOR ANN STIDHAM,<br><br>Debtor.<br>-------------------------------------------------------------------<br>JACQUELINE SELLS HOMANN,<br>TRUSTEE<br><br>Plaintiff,<br><br>v.<br><br>BLUE TRUST LOANS<br>c/o Highest Executive Officer<br>Post Office Box 1754<br>Hayward, WI 54843<br><br>Defendant. | Case No. 19-31812<br>Chapter 7<br><br><br><br><br><br><br><br>Adver. Proc. No. |

COMPLAINT TO AVOID AND RECOVER AN AVOIDABLE TRANSFER

Trustee, Jacqueline Sells Homann, by counsel, for her complaint against Blue Trust Loans to recover preferential transfers, states as follows:

A. JURISDICTION VENUE

1. The court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §157(b) and 1334.

2. This action is a core proceeding pursuant to 28 U.S.C. §157(b).

3. Venue is proper pursuant to 28 U.S.C. §1409 in that this is a proceeding arising in and relating to the above-entitled case pending before this court.

4. This adversary proceeding is brought pursuant to 11 U.S.C. §547 and 550 and Federal Rule of Bankruptcy Procedure 7001.

B. THE PARTIES

5. On September 30, 2019, the Debtor, Taylor Ann Stidham, filed her bankruptcy petition pursuant to Chapter 7 of the Bankruptcy Code.

6. The Defendant received from the Debtor a preferential transfer in the amount of $836.10.

C. CAUSE OF ACTION

7. On or within 90 days before the petition date, the Debtor made a transfer to the Defendant in the amount of $836.10 (the "Preferential Transfer") on account of an antecedent debt the Debtor owed to the Defendant.

8. The Preferential Transfer was a transfer of property of the Debtor which the Debtor made to the Defendant.

9. The Preferential Transfer was made while the Debtor was insolvent.

10. The Preferential Transfer enabled the Defendant to receive more than the Defendant would have received if: (a) the Preferential Transfer had not been made and (b) the Defendant received payment on its debt to the extent provided by the provisions of the Code.

11. The Preferential Transfer constituted a preference pursuant to §547(b) of the Bankruptcy Code and are avoidable by the Trustee pursuant to §547 and 550 of the Bankruptcy Code.

12. The Trustee may uncover additional preferential transfers to the Defendant through discovery and reserves its right to add any such additional preferential transfers to the allegations contained in the complaint.

*Therefore*, Trustee, Jacqueline Sells Homann, respectfully requests that the court enter an order:

1.   avoiding the Preferential Transfer pursuant to §547 of the Bankruptcy Code;

2.   granting judgment in favor of the Trustee and against the Defendant, Blue Trust Loans, in the amount of the Preferential Transfer of $836.10, plus interest, pursuant to the Bankruptcy Code, for the costs of this action, and any and all additional amounts which may be discovered; and

3.   granting such other and further relief as is just and appropriate in the premises.

Dated:  April 21, 2020

  /s/ Jacqueline Sells Homann
Jacqueline Sells Homann (15462-71)
Jones Obenchain, LLP
600 KeyBank Building
202 S. Michigan Street
Post Office Box 4577
South Bend, Indiana  46634-4577
Telephone:  (574) 233-1194
Facsimile:  (574) 233-8957
Email: jsh@jonesobenchain.com